## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

**Marc Douglas Jones,**
        **Plaintiff,**

        vs.        06-2077

**Gene Woodard, et al.,**
        **Defendants.**

### MERIT REVIEW ORDER

      The plaintiff, Marc Douglas Jones, proceeding pro se, is currently detained at the Vermilion County Public Safety Building in Danville, IL. He names as defendants Gene Woodard, Investigator, Danville Police Department; Michael Clary, Circuit Court Judge, Vermilion County; Frank Young, State's Attorney for Vermilion County; Sandra Lawleys, Assistant State's Attorney for Vermilion County; the State of Illinois, the City of Danville and Vermilion County. On May 17, 2006, the plaintiff appeared before the court, via telephone conference for a merit review of his complaint, pursuant to 28 U.S.C. Section 1915A.

### Standard

      The court is required by 28 U.S.C. §1915A to screen the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).[1]

      Pleading particular legal theories or particular facts is not required to state a claim. Fed. R. Civ. P. 8 (complaint need contain only a short, plain statement of the claim and the relief sought); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *citing Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir.). The complaint need only give "a short and plaint statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant county Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)(citations and internal quotation marks omitted)(*cited by Dewalt*, 224 F.3d at 612; Fed. R. Civ. P. 8(a)(2).

---

[1] Incarcerated plaintiffs are barred from proceeding in forma pauperis if they have "on 3 or more occasions, while incarcerated, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of physical injury." 28 U.S.C. Section 1915(g).

The merit review standard is the same as a motion to dismiss standard. It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). *See also Tarkowski v. Robert Bartlett Realty Company*, 644 F.2d 1204 (7th Cir. 1980). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Gregory v. Nunn*, 895 F.2d 413, 414 (7th Cir. 1990).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. *Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Tarkowski*, 644 F.2d at 1207, *quoting Littleton v. Berbling*, 468 F.2d 389 (7th Cir. 1972).

**Allegations**

In his complaint, the plaintiff alleges that Gene Woodward arrested him after the report of an alleged crime that sat on his desk for over six years. Further, the plaintiff alleges that Judge Clary ruled "under 2000 statute instead of a 1999 tolled statute." The plaintiff alleges that Frank Young and Sandra Lawleys prosecuted the plaintiff. Although the plaintiff names the State of Illinois, the City of Danville or Vermilion County in the caption of his complaint, he makes no allegations against these three defendants.

According to an attachment to the plaintiff's complaint, on June 1, 2005, the plaintiff (who was a defendant) was charged by information with three counts of predatory criminal sexual assault of a child in Vermilion County. The counts stated the plaintiff was 17 years of age or older, committed an act of sexual penetration with the victim, who was less than 13 years of age, when the act was committed. The act was alleged to have been committed between January 1, 1998 and April 27, 1999. Judge Clary presided over the criminal case. Jones, represented by a public defender, filed a motion to quash information, wherein he argued that the prosecution of predatory criminal sexual assault of a child must be commenced within three years after the commission of the offense and ask the court to dismiss the information in the cause. The motion was granted, however, the prosecutor amended the information and the plaintiff was charged again. Jones then filed a motion to quash the amended information.

During the merit review conference, Jones advised this court that Judge Clary denied the second motion to quash on or about January 24, 2006 and the criminal charges proceeded to a bench trial. The trial was held in Vermilion County last week. Judge Clary dismissed two of the counts, but found the plaintiff guilty of one of the three counts. Sentencing is set for June 22, 2006. The plaintiff's claim against Judge Clary is that if Judge Clary had granted his second motion to quash the amended information, he would have been released from custody and not facing sentencing in June.

## Discussion and Conclusion

First, as noted above, the plaintiff has made no allegations against the State of Illinois, the City of Danville or Vermilion County, so these defendants are dismissed pursuant to Fed. R. Civ. P. Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Further, the Eleventh Amendment of the U.S. Constitution bars suits in federal courts by private parties against states. *Garcia v. City of Chicago*, 24 F.3d 966, 969 (7th Cir. 1994). Counties and local governments (municipalities) are not covered by the Eleventh Amendment, and can therefore be held liable under §1983 for unconstitutional policies under *Monell v. Dep't of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *see also Joseph v. Bd of Regents of the Univ. of Wisconsin*, 2005 WL 3534200 (7th Cir. 2005); and *Richman v. Sheahan* (7th Cir. 2001). However, the plaintiff does not allege unconstitutional policies.

Second, the plaintiff's lawsuit is also barred by *Heck v. Humphrey*, 512 U.S. 477, 484-487 (1994). *Heck* held that a suit for damages under Section 1983 challenging an underlying conviction or sentence does not accrue until that conviction or sentence has been invalidated. 512 U.S. at 484-487 (1994). *Heck* holds that a prisoner may not bring an action for damages under Section 1983 for a wrongful conviction unless that conviction already has been determined to be wrongful. A conviction may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus. *See id.* Here, the plaintiff conviction has not been set aside. A successful outcome to the plaintiff's lawsuit would necessarily imply that the conviction in his criminal case is invalid. Therefore, the plaintiff cannot bring this lawsuit until his underlying conviction and anticipated sentence have been reversed, vacated, or otherwise invalidated. Until then, his damages claim cannot proceed and his entire lawsuit is barred by the *Heck* rule.

Furthermore, judges and prosecutors are entitled to absolute immunity from §1983 claims asserted by a prisoner arising out of his prosecutions, incarcerations, and post-conviction claims. The judge and prosecutors named as defendants in this case are entitled to absolute immunity. *Smith v. Power*, 346 F.3d 740, 742 (7th Cir.2003) (recognizing absolute immunity for prosecutors when acting as advocates for the State); *Davis v. Zirkelbach*, 149 F.3d 614, 617 (7th Cir. 1998)(prosecutors' decision to commence and continue prosecuting protected by absolute immunity); *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir.2001) (recognizing that judges are entitled to absolute immunity from damages for their judicial conduct); *see also Forrester v. White*, 484 U.S. 219, 227-29 (1988). Therefore, Judge Clary, Frank Young and Sandra Lawleys are dismissed as defendants, with prejudice. Further, as probable cause existed for the plaintiff's arrest, Gene Woodard, the Investigator for the Danville Police Department is dismissed, with prejudice. *See Baker v. McCollan*, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979) (if probable cause exists at the time of arrest, then the police cannot be held liable for ensuing custody, even if mistaken).
**It is therefore ordered:**

1.     **The clerk of the court is directed to file the plaintiff's complaint, forthwith.**

2. **The State of Illinois, City of Danville and Vermilion County are terminated as defendants pursuant to 28 U.S.C. §1915A(1) and Fed. R. Civ. P. Rule 12(b)(6) for failure to state a claim upon which relief may be granted.**
3. **Pursuant to 28 U.S.C. §1915A and *Heck v. Humphrey*, 512 U.S. 477, 484-487 (1994), the plaintiff's entire lawsuit is dismissed.**
4. **Based on the foregoing, Michael Clary has absolute immunity and is dismissed as a defendant, with prejudice.**
5. **Based on the foregoing, Frank Young and Sandra Lawleys have absolute immunity and are dismissed as defendants, with prejudice.**
6. **Based on the foregoing, Gene Woodard is dismissed as a defendant, with prejudice.**
7. **The clerk of the court is directed to terminate this lawsuit in its entirety, forthwith.**
8. **If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the appellate filing fee irrespective of the outcome of the appeal. Furthermore, if the appeal is found to be non-meritorious, the plaintiff may accumulate a strike under 28 U.S.C. 1915(g). The plaintiff if advised that the appellate filing fee is currently $455.00.**

**Enter this 17th day of May 2006.**

                         /s/ Michael P.McCuskey
                     **MICHAEL P. MCCUSKEY**
                 **UNITED STATES DISTRICT JUDGE**

.